MRS. J. L. MATTHEWS, Appellee, v. WESTERN UNION TELE-
GRAPH COMPANY, Appellant.

New trial: GROUNDS: WITHDRAWAL OF CAUSE OF ACTION. Plaintiff
sued in two counts, each based on delay in delivery of a telegram.
At the close of the evidence the court withdrew the second count
from the consideration of the jury and submitted the case upon
the first count and a verdict for defendant was returned. *Held,*
that the ruling withdrawing the second count was not a final adju-
dication from which plaintiff was required to appeal to preserve
the right to urge error therein, but that it was a matter which
could be urged as a ground for new trial, and a granting of new
trial on such ground left no order from which plaintiff could appeal.

*Appeal from Wright District Court.*—HON. C. G. LEE, Judge.

SATURDAY, MARCH 14, 1914.

ACTION for damages for negligent delay in the delivery of a telegraphic message. There was a verdict for the defend-

ant.   Upon motion of the plaintiff, a new trial was granted. The defendant appeals.—*Affirmed.*

*Healy, Burnquist & Thomas,* for appellant.

*McGrath & Archerd,* for appellee.

EVANS, J.—On the morning of September 10, 1910, a message was delivered to the defendant at Lake Fork, Ill., to be transmitted to the plaintiff to Eagle Grove, and to be delivered to her from the Eagle Grove office by telephone.   The message advised the plaintiff of the death of her sister.   It was not delivered to the plaintiff until 10.30 a. m., September 12, 1910, being Monday.   The reason for the delay we will have no need to consider.   Immediately upon receipt of the message, the plaintiff caused a reply message to be delivered to the defendant, to be transmitted to the sender of the first message at Lake Fork, Ill.   This message advised her relatives that she would start on the first train, and requested that the funeral be delayed.   This message was not delivered at Lake Fork, Ill., until about 4 p. m., Tuesday, September 13, 1910. The funeral was held on Monday afternoon; no word having been received by the Illinois relative from the plaintiff.

The plaintiff's petition was in two counts, based, respectively, upon alleged negligent delay in the delivery of each of the two messages.   At the close of the evidence, the trial court withdrew the second count from the jury, and submitted the case upon the first count alone. Upon such first count, the jury rendered a verdict for defendant.   The plaintiff's motion for new trial was based upon eight grounds, and was sustained generally.   The eighth ground of such motion was that the trial court had erroneously withdrawn from the jury the second count of the petition.   It is the contention of the appellant here that such eighth ground of the motion for new trial cannot be considered by us in support of the ruling sustaining the motion for new trial, because the plaintiff did not

appeal from the adverse ruling in the first instance, whereby such second count was withdrawn from the jury. Our conclusion on the question thus presented will be determinative of this appeal.

The appellant has argued all the grounds of the motion for a new trial which was sustained below, except such eighth ground. Its contention is that none of such grounds warranted the ruling. It has refused to argue the eighth ground of such motion for the reason, already indicated, that the appellee is not entitled to be heard thereon. To put it in another way, the appellant contends that the ruling of the trial court in withdrawing the second count was an adjudication, and that, in the absence of appeal by the plaintiff, it has become final and conclusive, and that it is not open for consideration upon this appeal of the defendant.

On the other hand, it is the contention of appellee that she was entitled to base her motion for new trial upon all alleged erroneous rulings of the court, including the withdrawal of her second count from the jury, and that the sustaining of the motion restored the status of her case as it was before trial.

It is clear to our minds that appellant's contention at this point cannot be sustained. If the verdict of the jury upon the first count had been in favor of the plaintiff, it would perhaps have eliminated all prejudice to her by reason of the adverse ruling of the court as to the second count. The verdict of the jury, however, being adverse to her upon the first count, there was still left to her the right of appeal. Upon such appeal she would have been entitled to a review of the entire record, including the adverse ruling upon the second count. If she was entitled to such review here by appeal, she was entitled to the same review by motion for new trial in the lower court. Her motion for new trial having been sustained, it left no judgment or order from which she could appeal. We hold, therefore, that she was entitled to assign the withdrawal of the second count of the petition as one of the grounds

of her motion for new trial; and that the order of the trial court sustaining such motion was effective to set aside such ruling and to reopen the entire case to a new trial. For the purpose of this appeal, we must assume the sufficiency of such eighth ground to sustain the motion for new trial. The appellant has not assailed it, except in the manner already indicated. The record pertaining to the second count has been omitted from appellant's abstract on the theory that the merits of the court's ruling as to the second count was not involved in this appeal. Neither has appellant's argument dealt with the merits of such ruling. The appeal, therefore, has been made to turn at this point upon a question of practice only. The merits of the original ruling, which was set aside by the order granting a new trial, is not submitted for our consideration by the appellant. In the state of the record therefore, we cannot assume to deal with the merits of the original ruling. Indeed, in view of a new trial, we deem it preferable to avoid a discussion of the evidence.

It is sufficient to say that it is not made to appear upon this record that the trial court exceeded its discretion in granting a new trial. Its order, therefore, is—*Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concurring.